CHURCH STATE COUNCIL
Alan J. Reinach, Esq. State Bar No. 196899
Jonathon S. Cherne, State Bar No. 281548, of counsel
2686 Townsgate Road,
Westlake Village, CA 91361
Telephone: (805) 413-7398
Fax: (805) 497-3828
Email: ajreinach@churchstate.org
        jcherne@churchstate.org

Attorneys James Lindsey

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LINDSEY,<br><br>               Plaintiff,<br>vs.<br><br>NBCUNIVERSAL MEDIA, LLC.,<br><br>               Defendant. | Case No.:<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF<br><br>1. Retaliation –<br>Title VII of the Civil Rights Act of 1964<br>2. Retaliation –<br>Cal. Gov. Code § 12940(k)<br>3. Failure to Provide Religious Accommodation –<br>Title VII of the civil rights of 1964<br>4. Religious Discrimination – Failure to Accommodate -- Cal. Gov. Code § 12940(l)<br>5. Religious Discrimination – Disparate Treatment –Title VII of the Civil Rights Act of 1964<br>6. Religious Discrimination – Disparate Treatment --Cal. Gov. Code § 12940(a)<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. Plaintiff James Lindsay is a sound engineer with a very distinguished career. He has covered major news stories for Defendant for nearly thirty years, obtaining security clearances to cover stories involving the U.S. President and other dignitaries.

2. Despite Lindsay's many years of excellent service to Defendant, as soon as Defendant learned that Lindsay would not comply with its vaccine mandate because of his religious beliefs, Defendant dropped him like a sack of rotten tomatoes.

3. The industry practice is to hire members of the news crews as "daily hires," specific to each assignment. Lindsay had been a daily hire working steadily for many years. When he requested religious accommodation, Defendant acknowledged receiving the request, but that's all it did – except completely stop using him as a sound engineer.

**4.** This case may be viewed as a termination or a failure to hire – no matter, by making Lindsay's religious objection to the vaccine the basis for its refusal to continue employing Lindsay, Defendant violated Lindsay's rights to be free of religious discrimination. He has alleged claims of retaliation, failure to provide religious accommodation, and religious discrimination.

## PARTIES

5. James Lindsey is an individual residing in Lafayette, California, in the east San Francisco Bay area. He is and was protected by Title VII of the Civil Rights Act of 1964 and the California Fair Employment and Housing Act. He is a member of a protected class on account of his religion, Christian.

6. Defendant NBCUniversal Media, LLC. ("NBC Universal") is a Limited Liability Company and subsidiary of Comcast Corporation. NBC Universal operates as a media and entertainment company that develops, produces, and markets entertainment, news, and media information. NBC Universal is headquartered at 30 Rockefeller Plaza in Midtown Manhattan in New York City and has an office at 10 Universal City Plaza in the City of Los Angeles.

## JURISDICTION AND VENUE

**7.** This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq*, and the California Fair Employment and Housing Act. Plaintiff seeks damages for unlawful discrimination arising from his termination due to his religion – Christian.

8. Jurisdiction of this Court is based on a claim of deprivation of Federal Civil Rights and invoked pursuant to the following statues:
   a. 28 U.S.C. § 1331, giving district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; and
   b. 28 U.S.C. § 1343, giving district courts original jurisdiction over actions to secure civil rights extended by the United States governments.
9. In accordance with 28 U.S.C. §1367, supplemental jurisdiction is proper with respect to Plaintiff's state law claims because these claims arise from the same case and controversy as Plaintiff's Title VII claims.
10. Plaintiff timely filed a charge with the Equal Employment Opportunity Commission ("EEOC") on or about February 23, 2022, alleging discrimination and retaliation based on religion, charge number 480-2022-01190.
11. On March 30, 2023, Plaintiff received a Notice of Right to Sue from the EEOC. Plaintiff has therefore exhausted his administrative remedies, and this Complaint is timely filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue.
12. Venue is proper in the Northern District of California because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this District, pursuant to 28 U.S.C. §1391. At the time this action commenced, Defendant NBCUniversal is subject to personal jurisdiction in the Northern District because NBCUniversal has sufficient contacts with the forum to subject it to personal jurisdiction in this District.

## JURY TRIAL DEMAND

13. Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

## LEGAL FRAMEWORK

14. Plaintiff claims his rights were violated pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000 et. seq, making it unlawful to do the following:
   a. "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms,

        conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." § 2000e-2

    b. "for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

15. Under Title VII, "'religion' includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business."

16. Plaintiff claims his rights were violated pursuant to the following sections of the California Fair Employment and Housing Act, Gov't Code ¬ß 12940 et. seq., making it unlawful:

    a. " . . . for an employer "to discriminate against a person in compensation or in terms, conditions, or privileges" because of a person's "religious creed." Cal. Gov. Code § 12940 (a). A person's religious creed includes "all aspects of religious belief, observance, and practice." Cal. Gov. Code § 12926 (q);

    b. "For any employer . . . to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under [FEHA (Fair Employment and Housing Act)] or because the person has filed a complaint, testified, or assisted in any proceeding under [FEHA]. ¬§ 12940 (h);" and

    c. "For an employer or other entity covered by this part to, in addition to the employee protections provided pursuant to subdivision (h), retaliate or otherwise discriminate against a person for requesting accommodation under this subdivision, regardless of whether the request was granted." 12940(l)(4)

    d. For an employer . . . to discharge a person from employment or . . . to discriminate against a person in compensation, or in terms, conditions, or privileges of employment because of a conflict between the person's religious belief or observance and any employment requirement, unless the employer or

other entity covered by this part demonstrates that it has explored any available reasonable alternative means of accommodating the religious belief or observance, including the possibilities of excusing the person from those duties that conflict with the person's religious belief or observance or permitting those duties to be performed at another time or by another person." ¬ § 12940 (l).

**FACTUAL ALLEGATIONS**

17. Plaintiff James Lindsey is an experienced film and production engineer.

18. Lindsey graduated from San Francisco State University with a Bachelor of Arts in film and started his career in the Film and Television industry in about 1984.

19. In his nearly four-decade career, Lindsey made a lasting impact in the Film and Television industry. For example, Lindsey founded a company called Lindcraft Grip and Supply ("Lindcraft") , This company designed film equipment that was used by some of Hollywood's biggest companies such as Mole-Richardson, Panavision, Arriflex and more. Lindcraft's personally designed product have become a Hollywood industry standard.

20. In production, Lindsey worked on feature films for some of the best most known television production companies, such as Oprah, House Hunters, Lucas Film, Zoetrope, and many more.

21. In 2003, Lindsey sold Lindcraft Grip and Supply and entered the field of education. Lindsey was an Adjunct Professor at the Academy of Art in San Francisco and Berkeley City College. While at the Academy of Art in San Francisco, Lindsey crafted the entire Location Sound course curriculum. Lindsey also taught courses in Film Production and Sound Design.

22. Lindsey held a White House and Secret Service clearance to work with U.S. Presidents, high level politicians, and celebrities.

23. Lindsey began his employment with NBCUniversal in or about 1995 as a Sound Engineer.

24. When the COVID-19 pandemic started in March 2020, Lindsey worked with NBCUniversal and its employees without incident.

25. As the pandemic progressed**,** NBCUniversal verbally asked employees to wear masks and socially distance.

26. Lindsey complied with NBCUniversal's COVID-19 safety protocols by wearing a mask, cleaning equipment, and social distancing. For extra protection, Lindsey disinfected microphones with alcohol and let correspondent's mic themselves without his assistance.

27. On August 19, 2021, NBCUniversal notified its employees that it was requiring all U.S. based employees to share their vaccination status.

28. Prior to implementation of NBCUniversal's vaccine mandate, Lindsey fulfilled all of his job duties successfully without being vaccinated.

29. On August 20, 2021, Lindsey informed NBCUniversal's Human Resource Manager, Francisco Lewis, that he would be requesting a religious exemption from NBCUniversal's COVID-19 Vaccination mandate.

30. On August 31, 2021, Ronald Farmer, NBCUniversal booking agent, called Lindsey to inform him that Polly Powell, NBCUniversal News Director – Western Region, approved him to work on September 1, 2021 despite his unvaccinated status. On the evening of August 31, 2021, Farmer told Lindsey that he was being removed from the shoot because Erin McLaughlin, a NBCUniversal News Correspondent, did not want to work with him because he was unvaccinated.

31. Mclaughlin is an agent and employee of NBCUniversal and, on information and belief, had the power to terminate the employment of NBCUniversal employees.

32. August 31, 2021 was Lindsey's last day at NBCUniversal. Because of his vaccination status, NBCUniversal refused to schedule/book Lindsey for any other work as a Sound Engineer.

33. On September 9, 2021, Lindsey requested a religious accommodation by emailing Francisco Lewis, NBCUniversal Human Resources Manager. In an email to Lewis, Lindsey stated the following:
    Francisco,

> I am requesting a Religious Exemption from the Covid-19 Vaccination mandate. Please send me all documentation I need to fill out, and if anything needs to be notarized.
>
> Also, if you could send a copy to my Gmail account as well?
>
> Thank you,

34. On September 22, 2021, NBCUniversal emailed Lindsey with questions about the basis of his religious accommodation request.

35. On September 23, 2021, Lindsey explained his faith:

> **Q1: Can you identify the religious belief that supports you request. If yes, please share relevant detail:**
>
> I am an evangelical Christian believer. I believe Jesus Christ is my Lord and Savior, I believe in the tenets of the Holy Scriptures which states that I am made in the image of God and am an image-bearer of God. God tells me in the Bible that my body is fearfully and wonderfully made and is the Temple of God. I live by faith, and in a way that promotes health of my immune system along with healthy daily life choices. This mandate is asking that I violate my conscience, given to me by God.

36. On October 5, 2021, Steven Ross, the president of the National Association of Broadcast Employees and Technicians (NABET), filed a Grievance Report of Discrimination against NBCUniversal because of NBCUniversal's failure to accommodate Lindsey.

37. On October 22, 2021, Lindsey informed Steven Ross that NBCUniversal did not respond to his request for religious exemption and that he is willing and able to work as he did throughout the COVID-19 pandemic.

38. On October 23, 2021, Lindsey sent another email to Steven Ross that requested an answer from NBCUniversal about his request for religious accommodation.

39. On October 29, 2021, NBCUniversal responded to Lindsey's request for an accommodation based on his religious beliefs. In this response email, NBCUniversal indicated it accepted Lindsey's request for an accommodation and that it would engage in an interactive dialogue with Lindsey to determine if an accommodation was possible.

40. On November 2, 2021, Lindsey emailed Francisco Lewis seeking a meeting to engage in the interactive process and informing Lewis that he had not been able to work since August 9th.

41. All NBCUniversal had to do to get Lindsey back to work was to notify the NBCUniversal LA Crew Desk that Lindsey was cleared to work.

42. NBCUniversal failed and refused to engage in any interactive process with Lindsay, and simply ignored his religious accommodation request.

43. On November 18, 2021, Lindsey again contacted Lewis about his religious accommodation request, protesting that he was being discriminated against.

44. NBCUniversal failed to respond to Lindsey.

45. In retaliation for not being vaccinated and for requesting an accommodation, NBCUniversal removed Lindsey from all news and correspondence.

46. On December 23, 2021, Todd Miyazawa contacted Lindsey to booked him for a shoot/assignment scheduled for December 27, 2021. After Lindsey agreed to the assignment, Miyazawa called Lindsey and told him that he had spoken with Zoya Taylor and Ron Farmer and was told that because Lindsey was unvaccinated, Lindsey was being taken off the shoot. Miyazawa also told Lindsey that he respected Lindsey's decision not to be vaccinated, but that "NBC is taking a Hard Line on this."

47. On information and belief, at all times relevant to this action, NBCUniversal lacked a formal written COVID-19 policy.

48. Despite Lindsay's nearly thirty years of service to NBCUniversal, each shoot was considered a separate "hire" event, and as such, Lindsay was treated as a "daily hire," albeit not as an independent contractor, since he was paid overtime, and issued an IRS W-2, not an IRS 1099.

49. Following Lindsay's request for religious accommodation, he was never hired again, even after the time of vaccine mandates ended, and his vaccine status was no longer relevant.

50. Nor has Lindsay been able to obtain other work in the industry, because, despite his excellent reputation, word of mouth easily destroys career opportunities in Hollywood.

51. On information and belief, word of Lindsay's termination due to his vaccine status became known in the industry, and has prevented him from obtaining alternate employment.

## FIRST CAUSE OF ACTION
## RETALIATION
## CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000-3(a)

52. Plaintiff Lindsey re-alleges and incorporates herein by reference of the above paragraphs, as though fully set for herein.

53. Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e-3(a) makes it unlawful for an employer to retaliate against its employees because the person "opposes any practice made an unlawful employment practice by [Title VII] or because [the employee] has made a charge, testified, assisted, or participate in any manner in an investigation, proceeding, or hearing under this subchapter."

54. The Equal Employment Opportunity Commission (EEOC) takes "the position that requesting a religious accommodation is a protected activity under the provision of Title VII." U.S. Equal Emp. Opportunity Comm'n, Section 12: Religious Discrimination, EEOC-CVG-2021-3, as reprinted in EEOC Compliance Manual on Religious Discrimination (Jan. 15, 2021), https://www.eeoc.gov/laws/guidance/section-12-religious-discrimination#_ftn321 (last visited June 5, 2023).

55. Lindsey engaged in a protected activity by requesting religious accommodation not to receive the COVID-19 vaccine.

56. Defendant's response was, on the one hand, to accept Lindsay's request for accommodation subject to engaging in the interactive process to determine whether he could be accommodated; but then, failing and refusing either to meet with him; engage in any interactive process; make any attempt to accommodate; or take any action to continue using him as a sound engineer.

57. Thus, Defendant retaliated against Lindsay by terminating his employment when he asked for religious accommodation.

58. As a direct and proximate result, Plaintiff suffered harm in the form of past and future lost wages and benefits and other pecuniary loss, including, but not limited to, costs associated with finding other employment.

59. As a further direct and proximate result of Defendant's discriminatory action against Plaintiff, as alleged above, Plaintiff has been harmed in that he suffered humiliation, mental anguish, and emotional physical distress, and has been injured in mind and body, in an amount according to proof.

60. Plaintiff also seeks reasonable attorneys' fees, pursuant to 42 U.S.C. § 2000e-5(k).

61. Defendant's conduct was despicable and the acts herein alleged were malicious, fraudulent, and oppressive, and were committed with an improper and evil motive to injure Plaintiff, amounting to malice and in conscious disregard of plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

## SECOND CAUSE OF ACTION
## RETALIATION
## CALIFORNIA GOVERNMENT CODE §12940(h) and (I)(4)

62. Plaintiff Lindsey re-alleges and incorporates herein by reference of the above paragraphs, as though fully set for herein.

63. Plaintiff Lindsey engaged in a protected activity when he notified Defendant of his religious objection to the Covid-19 vaccine, which notice culminated in a formal written request for religious accommodation.

64. Government Code § 12940(h) and (l)(4) both specifically provide that requests for religious accommodation are activities protected against retaliation.

65. Defendant NBCUniversal retaliated against Plaintiff Lindsey for requesting a reasonable religious accommodation by terminating his employment, or alternately, considering that he was considered a "daily hire," the adverse employment action was to never hire him again.

66. As a direct and proximate result of Defendant NBCUniversal's conduct, as alleged herein, Plaintiff has suffered harm in the form of both reputational injury, damage to his career,

loss of future employment opportunities and earnings, and has suffered humiliation, mental anguish, and emotional and physical distress in an amount according to proof, but in an amount in excess of one million dollars ($1,000,000).

67. The conduct complained of herein was carried out by directors, officers or managing agents of Defendant NBCUniversal, and was done with malice, oppression or fraud. Specifically, Defendant knew that retaliation, harassment and discrimination on the basis of religion is unlawful and harmful to Plaintiff Lockington and to the public. Despite this, Defendant NBCUniversal intentionally retaliated against Plaintiff in a manner that was cold, callous, cruel and despicable.

68. Accordingly, Plaintiff Lindsey seeks exemplary and punitive damages in an amount according to proof at trial, but no less than an amount sufficient to punish Defendant NBCUniversal and set an example in order to deter such malicious and despicable conduct in the future.

69. California Code of Civil Procedure § 1021 provides that attorney's fees are recoverable in an action for which they are specifically provided by statute. Plaintiff seeks an award of reasonable attorney's fees and costs, pursuant to Government Code § 12965(b), based on an appropriate lodestar rate, together with a multiplier as this court deems just and proper.

### THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE REASONABLE ACCOMMODATION – RELIGION
### TITLE VII OF THE CIVIL RIGHTS ACT of 1964

**70.** Plaintiff re-alleges and incorporates herein by reference all of the above paragraphs, as though fully set forth herein.

71. At all times herein mentioned, the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq. was in full force and effect and was binding on Defendant.

72. When faced with requests for religious accommodation, employers are obligated to provide reasonable accommodation to an employee's religious observance or practice. 42 U.S.C. § 2000e(j). Protected religious belief or observance includes "all aspects of religious observance and practice, as well as belief." *Id.*

73. Lindsay notified Defendant of his request for religious accommodation, and informed Defendant as to the basis of his religious belief and objection to the Covid-19 vaccine.

74. Defendant failed to engage in any interactive process with Lindsay regarding whether he could be accommodated, failed to either grant or deny his request for accommodation; but simply stopped hiring him as a sound engineer, thus subjecting Lindsay to an adverse employment action.

75. As a direct and proximate result, Plaintiff suffered harm in the form of past and future lost wages and benefits and other pecuniary loss, including, but not limited to, costs associated with finding other employment.

76. As a further direct and proximate result of Defendant's discriminatory action against Plaintiff, as alleged above, Plaintiff has been harmed in that he suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body, in an amount according to proof.

77. Plaintiff also seeks reasonable attorneys' fees, pursuant to 42 U.S.C. § 2000e-5(k).

78. Defendant's conduct was despicable and the acts herein alleged were malicious, fraudulent and oppressive, and were committed with an improper and evil motive to injure Plaintiff, amounting to malice and in conscious disregard of plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

### FOURTH CAUSE OF ACTION
### FAILURE TO PROVIDE REASONABLE ACCOMMODATION – RELIGION
### CALIFORNIA GOVERNMENT CODE § 12940(I)

79. Plaintiff re-alleges and incorporates herein by reference all the above paragraphs, as though fully set forth herein.

80. Government Code § 12940(l)(1) requires employers to "explore any available reasonable alternative means" of providing religious accommodation to employees who request them.

81. Plaintiff Lindsey informed Defendant of his religious objection to the Covid-19 vaccine, and requested religious accommodation.

82. Although Defendant failed either to grant or formally deny Lindsay's requested accommodation, it denied Lindsay an accommodation in practice, by refusing to continue hiring him as a sound engineer, effectively terminating a distinguished career of nearly thirty (30) years.

83. As a direct and proximate result of Defendant NBCUniversal's conduct, as alleged herein, Plaintiff has suffered harm in the form of both reputational injury, damage to his career, loss of future employment opportunities and earnings, and has suffered humiliation, mental anguish, and emotional and physical distress in an amount according to proof.

84. The conduct complained of herein was carried out by directors, officers or managing agents of Defendant NBCUniversal, and was done with malice, oppression or fraud. Specifically, Defendants knew that harassment and discrimination on the basis of religion is unlawful and harmful to Plaintiff Lindsey and to the public. Despite this, Defendant discriminated against Plaintiff in a manner that was cold, callous, cruel and despicable.

85. Accordingly, Plaintiff Lindsey seeks exemplary and punitive damages in an amount according to proof at trial, but no less than an amount sufficient to punish Defendants and set an example to deter such malicious and despicable conduct in the future.

86. California Code of Civil Procedure § 1021 provides that attorney's fees are recoverable in an action for which they are specifically provided by statute. Plaintiff seeks an award of reasonable attorney's fees and costs, pursuant to Government Code § 12965(b), based on an appropriate lodestar rate, together with a multiplier as this court deems just and proper.

### FIFTH CAUSE OF ACTION
### RELIGIOUS DISCRIMINATION – DISPARATE TREATMENT
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

87. Plaintiff Lindsey re-alleges and incorporates herein by reference of the above paragraphs, as though fully set for herein.

88. Under Title VII, it is unlawful for an employer to discharge a person or "to discriminate against any person with respect to his [or her] compensation, terms, conditions, or privileges of employment" because of a person's "religion." 42 U.S.C. § 2000e-2. A

person's religion "includes all aspects of religious observance and practice, as well as belief." *Id* at § 2000e.

89. Lindsey was a member of a protected class based on his religion as broadly defined to include both religious beliefs and practices. He is an Evangelical Christian.

90. Lindsey was qualified for the position.

91. Defendant subjected Lindsey to an adverse employment action in that it terminated his employment.

92. Defendant's termination of Lindsey was substantially motivated by his religion, in that it fired him because of his religious belief against receiving the Covid-19 vaccine.

93. Defendant's discriminatory actions violated Plaintiff's rights not to suffer discrimination on account of his religion pursuant to 42 U.S.C § 2000e-2.

94. As a direct and proximate result, Plaintiff suffered harm in the form of past and future lost wages and benefits and other pecuniary loss, including, but not limited to, costs associated with finding other employment.

95. As a further direct and proximate result of Defendant's discriminatory action against Plaintiff, as alleged above, Plaintiff has been harmed in that he suffered humiliation, mental anguish, and emotional physical distress, and has been injured in mind and body, in an amount according to proof.

96. Plaintiff also seeks reasonable attorneys' fees, pursuant to 42 U.S.C. § 2000e-5(k).

97. Defendant's conduct was despicable and the acts herein alleged were malicious, fraudulent, and oppressive, and were committed with an improper and evil motive to injure Plaintiff, amounting to malice and in conscious disregard of plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

### SIXTH CAUSE OF ACTION
### RELIGIOUS DISCRIMINATION – DISPARATE TREATMENT, CAL. GOV. CODE § 12940(a)

**98.** Plaintiff Lindsey re-alleges and incorporates herein by reference of the above paragraphs, as though fully set for herein.

99. It is unlawful for an employer to discharge a person, "or to discriminate against the person in compensation or in terms, conditions, or privileges of employment" because of a person's "religious creed." Gov. Code § 12940 (a). A person's religious creed includes "all aspects of religious belief, observance, and practice." Gov. Code § 12926(q).

100. Lindsey was a member of a protected class based on his religion as broadly defined to include both religious beliefs and practices. He is a Christian.

101. Lindsey was qualified for the position as a sound engineer.

102. Defendant subjected Lindsey to an adverse employment action in that it terminated his employment.

103. Defendant's termination of Lindsey was substantially motivated by his religion, in that it fired him because of his religious belief not to receive the Covid-19 vaccine.

104. Defendant's discriminatory actions are in violation of Lindsey's rights pursuant to Cal. Gov. Code § 12940(a) not to suffer discrimination on account of his religion.

105. As a proximate result of the aforesaid acts of Defendant, Lindsey has suffered actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Lindsey claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

106. As a proximate result of the wrongful acts of Defendant, Lindsey has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Lindsey is informed and believes, and thereupon alleges, that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

107. As a proximate result of the wrongful acts of Defendant, Lindsey has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to

incur attorneys' fees and costs in connection therewith. Lindsey is entitled to recover attorneys' fees and costs under Government Code § 12965 (b).

108. Defendant had in place policies and procedures that specifically prohibited and required Defendant's managers, officers, and agents to prevent discrimination, retaliation, and harassment against and upon employees of Defendant. Defendant's manager, officer, and/or agent were aware of Defendant's policies and procedures requiring Defendant's managers, officers, and agents to prevent, and investigate discrimination, retaliation, and harassment/hostile work environment against and upon employees of Defendant. Furthermore, Defendant's manager, officer, and/or agent maintained broad discretionary powers regarding staffing, managing, hiring, firing, contracting, supervising, assessing, and establishing of corporate policy and practice in the defendant's facilities. However, Defendant's manager, officer, and/or agent chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Lindsey and the rights and duties owed by Defendant to Lindsey. Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Lindsey should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

### PRAYER FOR RELIEF

**WHEREFORE,** Lindsey prays judgement against Defendant as follows:

1. Declaratory Relief, declaring that Defendant violated Plaintiff's rights to be free of discrimination in the workplace and hiring process;
2. Injunctive Relief, compelling Defendants to refrain from discrimination in the workplace; hiring Plaintiff with appropriate accommodations for Plaintiff's religion; and adopting such policies and practices as this court deems just and proper; management

training about reasonable accommodation for religion, prevention of discrimination generally, and how to handle accommodation requests during the hiring process;

3. Compensatory economic damages;
4. Compensatory non-economic damages, including, but not limited to, pain, suffering and emotional distress, in an amount according to proof at trial.
5. Order Defendant to pay Prejudgment interest;
6. Order Defendants to pay Punitive Damages sufficient to make an example of and to punish Defendants.
7. Order Defendant to pay Plaintiff's reasonable attorney's fees and costs.
8. Grant such further relief as this Court deems just and proper.

DATED: June 21, 2023
Westlake Village, California　　　　　　　Respectfully submitted,

CHURCH STATE COUNCIL

*s/ Alan J Reinach*

Alan J. Reinach
Jonathon S. Cherne
Attorneys James Lindsey